```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Civil No. 12-3145(DSD/JJG)
```

Andrew and Carmita McGlory,

       Plaintiffs,

v.                                                                    **ORDER**

CitiMortgage, Inc., Peterson,
Fram & Bergman, P.A., Usset,
Weingarden & Liebo, PLLP, and
Christopher Kalla,

       Defendants.

> William B. Butler, Esq. and Butler Liberty Law, LLC, 33 South Sixth Street, Suite 4100, Minneapolis, MN 55402, counsel for plaintiffs.
>
> Cameron A. Lallier, Esq. and Foley & Mansfield, PLLP, 250 Marquette Avenue, Suite 1200, Minneapolis, MN 55401; Gerald G. Workinger, Jr., Esq. and Usset, Weingarden & Liebo PLLP, 4500 Park Glen Road, Suite 300, Minneapolis, MN 55416; Jared M. Goerlitz, Esq. and Peterson, Fram & Bergman, PA, 55 East Fifth Street, Suite 800, St. Paul, MN 55101, counsel for defendants.

This matter is before the court upon the motion to dismiss by defendants CitiMortgage Inc. (CitiMortgage); Usset, Weingarden & Liebo, PLLP (UWL); Peterson, Fram, & Bergman (PFB) and Christopher Kalla.[1]  Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

---

[1] UWL, PFB and Kalla represented CitiMortgage throughout the foreclosure proceedings and sheriff's sale. The court collectively refers to these entities as the "law firm defendants."

**BACKGROUND**

This mortgage dispute arises out of the foreclosure on property owned by plaintiffs Andrew and Carmita McGlory. On November 4, 2002, the McGlorys and American Summit Lending Corporation executed a note and mortgage for property located at 1117 Sheridan Avenue North, Minneapolis, Minnesota. Compl. ¶¶ 1, 9. The mortgage was recorded by the Hennepin County Registrar of Titles (Hennepin County) on February 10, 2003. Workinger Decl. Ex. A, at 1. On May 15, 2003, the mortgage was assigned to CitiFinancial Mortgage Company, Inc and recorded in Hennepin County.[2] Id. Ex. D.

The McGlorys defaulted on their mortgage, and CitiMortgage initiated non-judicial foreclosure proceedings. Compl. ¶¶ 34, 37. Thereafter, CitiMortgage purchased the property at the foreclosure sale. Id. ¶ 41. The McGlorys did not redeem the property during the redemption period, and CitiMortgage initiated a lawful detainer action on February 7, 2012. Id. ¶ 46.

On November 19, 2012, the McGlorys filed this action in Minnesota court, alleging claims for quiet title, negligence per

---

[2] Defendant CitiMortgage is the successor by merger to CitiFinancial Mortgage Company. The succession and merger was recorded by Hennepin County on August 23, 2006. See Workinger Decl. Ex. E.

se, wrongful ouster and slander of title. The McGlorys also seek a declaratory judgment regarding the parties' property interests. Defendants timely removed,[3] and move to dismiss.

**DISCUSSION**

**I.   Standard of Review**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556

---

[3] Federal courts are courts of limited jurisdiction. Thomas v. Basham, 931 F.2d 521, 522 (8th Cir. 1991). As such, the court "has a special obligation to consider its own jurisdiction." Id. at 523 (citation omitted).
   Defendants claim that original jurisdiction exists pursuant to 28 U.S.C. § 1332(a). See Notice Removal ¶ 4. In the present action, however, the parties are not completely diverse. See id. ¶ 4(a). Nevertheless, for the reasons that follow, the court concludes that no reasonable claims exist against the non-diverse law firm defendants and that they were fraudulently joined. See Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 546 (8th Cir. 2013) ("[W]e recently concluded that nearly identical claims against a resident law firm had no reasonable basis in law and fact under Minnesota law and constituted fraudulent joinder." (citation omitted)). As a result, diversity jurisdiction exists, and removal of the matter was proper.

(2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  See Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim.  Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings under Rule 12(b)(6).  See Fed. R. Civ. P. 12(d).  The court, however, may consider matters of public record and materials that are "necessarily embraced by the pleadings."  See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted).  In this case, the note and mortgage documents are matters of public record and are properly considered.

## II.  Quiet Title and Declaratory Judgment

The McGlorys first raise a quiet-title claim and seek a declaratory judgment that the sheriff's sale was invalid. Specifically, the McGlorys argue "upon information and belief" that (1) employees of the mortgage servicing companies did not have authority to assign the mortgages or sign power of attorney documents and (2) unrecorded mortgages and powers of attorney exist.  Based on these beliefs, the McGlorys argue that the foreclosure and the assignments of the mortgage were invalid.

These claims fail, however, as they are not adequately pleaded under Iqbal and Twombly and are insufficient to state a claim. "[T]he plaintiff's pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid." Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir. 2013) (citations omitted). The McGlorys respond that state law pleading standards - rather than the federal pleading standards set forth by Iqbal and Twombly - should apply. Such an argument, however, is plainly contrary to established law. See id. As a result, the McGlorys fail to state a claim and dismissal of their quiet title and declaratory judgment claims is warranted.

**III. Wrongful Ouster**

The McGlorys next allege that the eviction proceedings resulted in wrongful ouster under Minnesota Statutes § 504B.231. Specifically, the McGlorys argue that CitiMortgage "cannot prove their claim of title" and that the law firms "knew that the unrecorded assignment of mortgage renders the foreclosure void." Compl. ¶¶ 86-87. As already explained, these speculative conclusions and labels do not adequately state a claim under Twombly and Iqbal. See Karnatcheva, 704 F.3d at 548. Moreover, § 504B.231(a) is inapplicable, as defendants were not the McGlorys'

landlord. See Minn. Stat. § 504B.231(a) ("If a landlord ... unlawfully and in bad faith removes, excludes, or forcibly keeps out a tenant from residential premises, the tenant may recover from the landlord treble damages or $500, whichever is greater."); id. § 504B.001, subdiv. 7 (defining landlord as one "directly or indirectly in control of *rental* property (emphasis added)). As a result, the claim for wrongful ouster fails.

**IV. Negligence Per Se**

The McGlorys next argue that the law firm defendants are negligent per se. The McGlorys assert negligence per se based on the law firm defendants allegedly (1) failing to record all assignments, in violation of Minnesota Statutes § 580.02; (2) failing to record powers of attorney, in violation of Minnesota Statutes § 580.05 and (3) representing to the eviction court that the foreclosure was valid, in violation of Minnesota Rule of Professional Conduct 3.3.

"The essential elements of a negligence claim are: (1) the existence of a duty of care; (2) a breach of that duty; (3) an injury was sustained; and (4) breach of the duty was the proximate cause of the injury." Lubbers v. Anderson, 539 N.W.2d 398, 401 (Minn. 1995) (citation omitted). "A per se negligence rule substitutes a statutory standard of care for the ordinary prudent

person standard of care, such that a violation of a statute ... is conclusive evidence of duty and breach." Gradjelick v. Hance, 646 N.W.2d 225, 231 n.3 (Minn. 2002) (citations omitted).

Under Minnesota law, however, "an attorney acting within the scope of his employment as attorney is generally immune from liability to third persons for actions arising out of that professional relationship." McDonald v. Stewart, 182 N.W.2d 437, 440 (Minn. 1970) (citations omitted). "Further, attorneys are generally not liable to the client's adversary, absent evidence of an affirmative misrepresentation." Karnatcheva v. JPMorgan Chase Bank, N.A., 871 F. Supp. 2d 834, 839 (D. Minn. 2012) (citation omitted), aff'd 704 F.3d 545 (8th Cir. 2013). Moreover, violations of § 580.02, § 580.05 and Rule 3.3 cannot establish negligence per se. See Forseth v. Bank of Am., N.A., No. 13-38, 2013 WL 2297036, at *7 (D. Minn. May 24, 2013); Stilp v. HSBC Bank USA, N.A., No. 12-3098, 2013 WL 1175025, at *2 (D. Minn. March 20, 2013). As a result, dismissal of this claim is warranted.

**V.   Slander of Title**

Finally, the McGlorys claim slander of title. To state a claim for slander of title, a plaintiff must allege facts that show:

> (1) That there was a false statement concerning the real property owned by the plaintiff; (2) That the false statement was published to others; (3) That the false statement was published maliciously; and (4) That the publication of the false statement

>concerning title to the property caused the plaintiff pecuniary loss in the form of special damages.

Paidar v. Hughes, 615 N.W.2d 276, 279-80 (Minn. 2000) (citation omitted). The filing of an instrument known to be inoperative is a false statement that, if done maliciously, constitutes slander of title. Kelly v. First State Bank of Rothsay, 177 N.W. 347, 347 (Minn. 1920). "References to amounts due on mortgages are not properly characterized as false or misleading statements." Mine v. Fed. Home Loan Mortg. Corp., No. 13-220, 2013 WL 443852, at *5 (D. Minn. June 5, 2013) (citation omitted).

In the present case, the McGlorys have alleged no facts from which the court could infer that defendants made a false statement, that defendants acted with malice or that the McGlorys suffered any pecuniary damages from a publication concerning their title to the property. See Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254, 1257-58 (8th Cir. 2013) (dismissing similarly-pleaded slander-of-title claim). Therefore, the McGlorys fail to state a claim for slander of title, and dismissal is warranted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to dismiss [ECF No. 5] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 14, 2013

s/David S. Doty
David S. Doty, Judge
United States District Court
